45 C.C.P.A.(Patents)
**Application of Russell J. GRAY.**

**Patent Appeal No. 6294.**

United States Court of Customs and Patent Appeals.

Jan. 22, 1958.

Leonard L. Kalish, Philadelphia, Pa., for appellant.

Clarence W. Moore, Washington, D. C. (J. Schimmel, Washington, D. C., of counsel), for Commissioner of Patents.

Before JOHNSON, Chief Judge, and O'CONNELL, WORLEY, RICH and JACKSON, retired, Judges.

RICH, Judge.

This is an appeal from the decision of the Patent Office Board of Appeals, affirming the examiner's final rejection of claims 25 and 26 of appellant's application entitled "Grease Dispenser," serial No. 83,710, filed March 29, 1949.

Two claims, 27 and 28, stand allowed.

Claim 25 is representative of the appealed claims:

"Hand-operated grease-dispensing apparatus for dispensing more or less viscous lubricants from a container and for detachable mounting upon and use with such container, including a pump-supporting coverplate, a generally upright low-pressure cylinder carried by and extending downwardly from said coverplate, an intake-port at the lower end of said cylinder, an upwardly facing valve-seat at said intake port,

a downwardly closing valve in operative juxtaposition to said valve-seat, a hollow piston slidably mounted in said cylinder in fluid-sealed relation thereto and having a passageway therethrough, an upwardly facing valve-seat in the passageway of said piston and a downwardly closing valve carried by said piston in operative juxtaposition to the valve-seat thereof, a hollow tubular piston-rod connected with and extending upwardly from said piston to a point exteriorly of said cylinder and in fluid-communication with the passageway of said piston, a helical compression-spring compressed between the top of said cylinder and said piston and surrounding said tubular piston-rod and disposed in the space between it and said cylinder, a hand-grip connected with the outer portion of said tubular piston-rod for moving the piston and rod upwardly through their cylinder-charging stroke, said tubular piston-rod having a discharge opening exteriorly of said cylinder, said cylinder, piston and piston-rod being so constructed and arranged in relation to each other that at the limit of the travel of said piston upon its spring-propelled down-stroke said piston and the valve thereof will be in close proximity to the aforesaid cylinder-intake-valve and that said piston may be manually moved against said spring without any tendency to increase or decrease the pressure upon the lubricant in said tubular piston-rod even though the discharge from said tubular piston-rod is barred, whereby substantially complete evacuation of the space between said piston-valve and said cylinder-intake-valve is achievable upon the down-stroke of the piston and the intake of more or less viscous lubricant into the cylinder thereby facilitated and whereby such intake may be accomplished by the manually-induced up-stroke of said piston without impairment of such intake by any tendency of return-flow of lubricant from piston-rod into the cylinder and without such manually-induced up-stroke being burdened by any tendency of such up-stroke to cause any discharge of lubricant from said tubular piston-rod."

Claim 25 is broader than claim 26 which contains additional alleged limitations to which we shall later allude. Both appellant and the Patent Office consider that these additional limitations preclude the claims standing or falling together and they will, therefore, be separately considered.

Appellant's specification describes apparatus for dispensing grease under either high or low pressure from original packing containers of varying diameters and heights, in which the grease is originally packed, stored, transported or sold.

The apparatus consists essentially of a pump-supporting cover plate for detachable attachment to the top of an original packing container, a pump cylinder extending through an opening in the cover plate and vertically adjustable therein to locate the intake end of the pump adjacent the bottom of the container, and means to lock the pump cylinder in position. A hollow piston slides in the cylinder and a hollow piston-rod is connected thereto, extending upwardly to a point outside the cylinder where it terminates in a hollow hand grip. At the lower ends of both the cylinder and the piston are valve seats which cooperate with downwardly closing valves. A compression spring surrounds the piston-rod and is located between the piston and a cap closing the top of the cylinder. Connected to the above-mentioned handle (the extension of the piston-rod) is a hose which contains a manually operable valve at the discharge end thereof. In operation, the piston is drawn up by means of the hand grip piston-rod extension to compress the spring, the valve at the lower end of the cylinder opens automatically to permit grease to be drawn into the

cylinder from the container, the valve in the piston closing automatically to retain the grease in the piston and piston-rod without change of pressure therein. Upon release of the hand grip, the compression in the spring will urge the piston and piston-rod downwardly to close the valve at the lower end of the pump cylinder, entrapping the grease therein and forcing it up through the hollow piston-rod, handle and hose. The manually operated valve at the end of the hose then controls the flow of grease to the article desired to be lubricated.

The references relied upon by the examiner and the Board of Appeals are:

Phillips    1,730,684    Oct. 8, 1929
Woelfer    2,521,671    Sept. 5, 1950

The patent to Woelfer discloses a lubricant pump of the piston type in which the pump cylinder is more or less rigidly secured to a container cover plate and depends therefrom to a point near the bottom of the container. The tubular piston and piston-rod are reciprocable in the cylinder with the piston-rod extending therefrom and terminating in a hollow hand grip to which a delivery hose is attached. There are valves located at the lower ends of the piston and pump cylinder. The valve on the cylinder opens to allow the influx of fluid on the upward stroke of the piston-rod, said fluid being retained in the cylinder on the downward stroke. A locking means is provided to secure the piston in a lowered position when the pump is not in use.

The Phillips patent is directed to a fluid projecting device adapted to spray oil from a container for lubricating leaf springs of an automobile. The spray means consists of a cylinder pump mounted on and extending into a receptacle with a check valve at the bottom of the cylinder, a piston reciprocable therein, a spring interposed between the piston and the receptacle cap and a nozzle having a manually operated valve and nozzle mounted on the end of the piston-rod to provide a handle. In operation, the fluid is expelled by drawing the handle-nozzle upwardly, thereby compressing the spring, and upon release of the handle-nozzle the spring causes the piston to exert pressure upon the liquid in the cylinder, forcing it through the tubular piston-rod to the outlet whenever the manual valve is opened.

The claims on appeal were finally rejected by the examiner as defining no invention over Woelfer in view of Phillips' teaching of the use of a spring in a similar mechanism. This rejection was affirmed by the board.

■ Considering first claim 25, the only difference between its subject matter and the Woelfer device is the use of a spring in an environment which is clearly taught by Phillips. We must therefore affirm the Patent Office as to claim 25.

■■ As to claim 26, we note there are three differences: first, the introductory expression wherein use with "original vendible merchandising containers" is called for; second, that the cover plate is for mounting upon and detachment from containers of varying diameters (with no recitation of structure by which this may be accomplished); and third, a statement that the pump cylinder is "vertically adjustable" in relation to the cover plate (again, no structure is recited to accomplish this). The Board of Appeals, in rejecting the claim, held that an introductory statement of the type of container to be used cannot *per se* lend patentability to a claim, with which we agree; that the lack of structure to effect the securement to containers of "varying diameters" makes such a limitation merely functional and of no effect in determination of patentability, and that the lack of structure to obtain "vertically adjustable" movement of the cylinder makes that statement functional. Moreover, said the board, one skilled in the art and faced with the problem of using the Woelfer pump and cover plate with containers of different heights could provide for vertical adjustment "without the exercise of invention." We have carefully considered these differences and appellant's arguments with respect thereto but agree

with the rejection of claim 26 because we do not feel that the broad recitations relied on define anything which would be unobvious to one skilled in the art.

■ Appellant has argued in his brief and at the hearing a point of law with respect to the construction of 35 U.S.C. § 102(e) but since this point does not appear to have been raised below, considered by the Board of Appeals or mentioned in appellant's reasons of appeal we cannot consider it.

The decision of the board is affirmed.

Affirmed.

JACKSON, Judge, Retired, recalled to participate.